919 F.2d 139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FEDERAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,
Defendant-Appellant,
The Travelers Indemnity Company of Illinois, L.M. Sandler &
Sons, Incorporated, Currituck Crab Company,
Incorporated, James Robert Langley, Jr.,
Defendants.
The FEDERAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY,
Defendant-Appellee,
The Travelers Indemnity Company, L.M. Sandler & Sons,
Incorporated, Currituck Crab Company,
Incorporated, James Robert Langley, Jr.,
Defendants.
 No. 90-1416, 90-1428.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1990.
Decided Nov. 30, 1990.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar and J. Calvitt Clarke, Jr., District Judges. (CA-88-743-N)
 James Arthur Howard, II, Howard & Howard, Norfolk, Va., for appellants.
 Alan Brody Rashkind, Burniss, Davis, Rashkind & Saunders, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Federal Insurance Company ("Federal") brought a declaratory judgment action against Pennsylvania National Mutual Casualty Insurance Company ("Pennsylvania") seeking a determination of responsibility for the payment of $4,500,000 of a $5,500,000 payment in settlement of a $6,000,000 verdict against certain of their insureds. A third insurer, Travelers Indemnity Company of Illinois ("Travelers"), paid $1,000,000 and withdrew from the litigation.
 
 
 2
 The case concerned a dispute between Federal and Pennsylvania as to how much, if any, each should have paid in the settlement of a claim by Helen Doss. Doss had sued Robert Langley, Currituck Crab Company, and L.M. Sandler & Sons, Inc. for injuries she sustained when she was run over by a truck. The truck was (1) titled in the names of Harry and Sam Sandler; (2) maintained by L.M. Sandler & Sons, Inc.; (3) leased to Currituck Crab Company; and (4) driven by Langley, an employee of Currituck Crab Company. The jury awarded a verdict to Doss against all three defendants jointly and severally in the amount of $6,000,000.
 
 
 3
 Travelers, Federal, and Pennsylvania settled Doss' claim for $5,500,000 before judgment was entered on the verdict. Travelers paid $1,000,000 on behalf of all defendants. Federal and Pennsylvania paid the remainder, $2,250,000 each. The parties expressly reserved the right to litigate their respective responsibilities. Federal had issued an umbrella insurance policy to L.M. Sandler & Sons, Inc. Pennsylvania had issued two insurance policies to Currituck Crab Company.
 
 
 4
 The district court determined that all three defendants were independently liable for Doss' injuries. Further, the court held that neither Currituck Crab Company nor Langley was covered under the Federal policies. Therefore, the court entered judgment against Pennsylvania in favor of Federal in the amount of $750,000, representing the amount of the settlement which Federal had overpaid.
 
 
 5
 Pennsylvania appealed the judgment. Pennsylvania argued that both Langley and Currituck Crab Company were covered under Federal's policies and that Federal was responsible for the full amount of the settlement paid by Federal and Pennsylvania. Further, Pennsylvania argued that the district court improperly considered parol evidence in concluding that neither Langley nor Currituck Crab Company was covered by the Federal policies. Pennsylvania also alleged that the district court erred in finding that Langley and Currituck Crab Company were independently liable for the injuries sustained by Doss. Alternatively, Pennsylvania argued that the district court erred by not prorating the Federal and Pennsylvania policies. Federal cross-appealed, arguing that L.M. Sandler & Sons, Inc., was covered under the Pennsylvania policies.
 
 
 6
 After careful consideration of the briefs and oral arguments in this case, we find that the district court correctly ruled that Pennsylvania was responsible for $750,000 that Federal paid in settlement of the Doss claim. Federal Ins. Co. v. Pennsylvania Nat'l Mutual Casualty Ins. Co., CA-88-743-N (E.D.Va. Jan. 5, 1990). Therefore, we adopt the reasoning of the district court, and the judgment is affirmed.
 
 
 7
 AFFIRMED.